Mr. Ahmadi was paid $700 to assist in two drug sales in Afghanistan. This mistake resulted in him being flown 7,000 miles from Kabul to San Francisco to stand trial in this country, a place he had never stepped foot in before. The district court was required to make a decision between Mr. Ahmadi and the United States to ensure that the prosecution didn't violate his right to due process. Robertson, Jr. Can I ask you, why don't you think the statute that he was charged with, why doesn't it already have as an element the required nexus? In other words, doesn't it require — didn't your client have to admit that he did intend that the drugs would ultimately come into the country? Javed Ahmadi, Jr. So the statute — so there's a couple different pieces of this. We agree that the statute applies to extraterritorial acts, and that's obviously one requirement for the nexus due process requirement. Sotomayor But doesn't the statute itself require a nexus? Javed Ahmadi, Jr. No. Sotomayor What are the elements of the — what are the elements of the offense? Javed Ahmadi, Jr. The elements of the — so Mr. Ahmadi was convicted of a conspiracy to import heroin. Sotomayor Intending, knowing, or having reasonable cause to believe that it will be unlawfully imported into the United States. Javed Ahmadi, Jr. So our position is the conspiracy statute requires intent and nothing else. And the nexus requirement — Sotomayor Intent to do what? Javed Ahmadi, Jr. Intent — the intent to import heroin.  Sotomayor Into the United States. Javed Ahmadi, Jr. Correct. Sotomayor Okay. If one has the intent to import heroin into the United States, would that — and if a jury found that that occurred, would that establish a sufficient nexus for due process purposes? Javed Ahmadi, Jr. Our position is no. Sotomayor So why?  Javed Ahmadi, Jr. Because what this Court has said, and it said it, I think, most explicitly in Kahn, which is cited in the briefs, in — in Kahn, this Court said that in order to satisfy the nexus requirement, there has to be a showing that there is a likely effect in the United States. And what we — and what Kahn said is — they gave two examples. They said either there's an attempted transaction that is aimed at causing a criminal act in the United States, or there's a ship — now, most of these cases are MDLEA cases, but it — the principles still apply. The alternative way is that a ship with drugs is bound ultimately for the United States. And as we've laid out in our briefs, almost all of the cases dealing with this — these sorts of issues involve significant quantities of drugs actually en route to the United States. Sotomayor Sir, put aside for a second that the government created this crime. That's not an issue in front of us because your client waived any — any of those kinds of defenses. Let's assume for a second that there's no government agents involved at all. Somebody in the United States gets on the phone with his friend in Afghanistan and says, I want you to ship me some drugs. And the guy says, okay, I will do so, and makes preparation to do so. And the government finds out about it before that occurs and brings charges. That would not satisfy the nexus requirement? It — it depends on what other facts exist out there. No, no, no. Probably with hypotheticals, you don't — you don't get to get — put other facts. Understood. Well — Those are all the facts of the case. Got it. The facts of this case except we take out all the bad conduct by the government. Let's assume that we have — and then — and then your — your client gets on a — on a plane and flies to San Francisco and he gets arrested. Wouldn't — that's what one would have to find to convict him. Why wouldn't that satisfy the nexus requirement? Again, in our view, Your Honor, the nexus requirement requires a likely effect in the United States, and that is not a requirement of the statute. I think maybe it's — Wait a minute. Why is not the likely importation of drugs a likely effect in the United States? Because this — the — the Title 21 offense, the element is simply the specific intent to commit the crime. Title 21 drug conspiracy offenses do not require an over-to-act. And that makes it distinguishable from a Section 371 conspiracy, for example, which does require an over-to-act. And it's that difference that is at issue here, in our view. So the nexus requirement, I think maybe one way to think about it is the nexus requirement adds a — sort of adds an over-to-act-like element to the — to the — to the case that would otherwise not exist. So if you had two defendants solely in the United States, and they reach an agreement to sell drugs, that's a completed crime of conspiracy to distribute drugs. When you're dealing with a foreign national in a foreign country where there has to be a nexus to the United States, and what this Court has said, a likely effect in the United States, our view is there has to be something more than just the simple fact of the intent. And the intent may be enough to satisfy the Title 21 elements of the crime, but it requires something more to show a nexus to the United States. And that's why this Court has routinely said, number one, a defendant's nexus to the United States has to be assessed based on their own contacts with the forum, and not just their contacts with the co-defendant or the co-defendant's contacts with the forum. This is why — that's why this Court has also — again, most of the cases involve situations where there are significant quantities of drugs that are actually destined to the United States. It's why this Court and Klimovici has valued — Sotomayor, let's assume all that's right. Sure. The judge said here, I'm not going to do this pretrial. Go try the case. Presumably, you can make a motion for JMOL once you try the case. But as defense counsel says, it depends on the facts. And let's try the case. We'll hear the facts. And then if you want to make a motion at the end of the case, that's okay with me. What was wrong with that? And then you pleaded. And then you pleaded. Then you pleaded. Absolutely. And then decided I don't want to go through the trial. Sure. But just up to that point, what — how did the judge err by saying, gee, I guess it depends on the facts. I have two trials. Let's have one. You can always come back and say the facts aren't sufficient to prove the crime. So — so I'll deal with the — what the district court did, and then I'll deal with the guilty plea issue. So as to what the district court did, the problem was that, again, this Court has repeatedly said that the nexus requirement is a preliminary determination for the judge. It is not an element of the crime. So it would — I would imagine — You know, and we have said that. But have we said the judge must make the determination pre-trial, or have we said the judge can make that determination after the government puts on its evidence? It's never said the latter. It has tended to say it should be decided pre-trial. And, again, all the cases indicate that the district courts in those cases had extensive evidentiary hearings on the issue pre-trial. And I think the problem with requiring Mr. Ahmadi to go to trial was, again, the whole point of the nexus requirement, if you analogize it to personal jurisdiction in the civil context, is there shouldn't even be a trial to begin with if there's no nexus shown. And so it — so that's a problem. And it also impermissibly puts the burden on Mr. Ahmadi to disprove the existence of jurisdiction when that burden is supposed to rest on the government. No, I don't see how it shifts the burden. The government puts on its case, and you stand up at the end of it, and you say, Your Honor, they haven't — government's jurisdictional requirement. They haven't proved it. I move to dismiss. Well, I think one of the problems would — I would imagine, again, and we're talking about hypotheticals, so we don't really know what would have happened, but had — let's say Mr. Ahmadi had gone to trial. If he had attempted to present evidence on the issue or tried to cross-examine a government witness about, well, there was no actual drugs en route to the United States, the informants were never going to turn drugs over to the United States or any of those — that line of questioning, I would imagine the U.S. attorney would object as irrelevant and would likely get a — a — a — a sustained, because that — those are not elements of the Title 21 offense. They only speak to the nexus issue. What are the sorts of additional facts that you think the government would have been required to prove up at this pretrial evidentiary hearing in order to sustain jurisdiction? In our view, they would have had to show that there was — what we — what we argued was there needed to be an actual plan with concrete steps to show a likely effect in the United States, or there needed to be some showing of a connection of — that Mr. Ahmadi had a connection to the United States independent of his interactions with the co-defendant, which is ultimately the underlying crime. And as this Court in Perlazza said, the nexus requirement is a showing that is distinct and independent from the crime itself. So there needed to be — you know, if Ahmadi had come to the United States to have a meeting, perhaps that would have been sufficient. Had he sent — Ahmadi sent drugs to the United States, that probably would have been sufficient. But here, all of the actions Ahmadi is doing, apart from communicating with his co-defendant on telephone, is all done abroad. I want to — I want to save my time for a — but I do anticipate we'll talk about the plea issue later, but I'm happy to answer questions. Thank you. Just in case. Good morning, and may it please the Court. Kirsten Alt for the United States. Your Honor is absolutely correct that the nexus requirement is an element of the offense because Mr. Ahmadi omitted — admitted that element of the offense that he knowingly and intentionally intended to import drugs to the United States. Is it possible to satisfy the terms of the statute with respect to conspiracy to violate this and nonetheless have an insufficient connection to the United States? No, Your Honor. Why not? Because the element of the offense is that the defendant has to agree to import drugs into the United States knowing and intending that the drugs will be imported into the United States. But I take it your friend's argument goes like this. He's kind, but if he were less kind it would go, there was no possible chance in the world that the drugs that Mr. Ahmadi conspired to bring into the United States would come to the United States because everybody he was dealing with was a government agent. Assume that to be true for a moment, that there was no possibility in the world that this particular catch of drugs would come into the United States because the person at the far end that he was dealing with was a government agent. Why do we still have the nexus? Yes, Your Honor. Mere intent to do something with an effect in the United States is enough? Yes, Your Honor. Even if there's no possibility of an effect? Yes, Your Honor. Oh, okay. This Court held in Peterson that even if there is no actual effect on the United States, a conspiracy, a plan to distribute drugs into the United States is enough. Even if the plan is impossible from its outset? Correct, Your Honor. That's a pretty good point. Because it's the intent to have an effect on the United States that is sufficient. So if somebody in Afghanistan thinks bad thoughts about what he might like to do to the United States, that's sufficient to be a crime under United States criminal law, to be prosecuted in the United States? Your Honor, I don't believe that is a crime under United States constitutional law. I'm asking you a different question. Could that be considered, if that were a crime, thinking bad thoughts in Afghanistan about the things you would like to do that would have a bad effect in the United States, could that be made a crime in the United States? Under the First Amendment, I don't believe so, Your Honor. I don't believe that we can criminalize having bad thoughts. Well, I'll take that. Having bad intentions. I don't believe that we can criminalize having bad intentions, Your Honor. Let me cut off your escape route here. What if we made it a crime to buy heroin in Afghanistan with the possible thought that later I might ship it into the United States? Would that satisfy the nexus requirement? Is the possible thought that it might be shipped into the United States? Because there's a worldwide market for heroin. I'm going to sell it to the highest bidder. Your Honor, the highest bidder hasn't shown up yet. Does that establish the nexus? If intending to ship it into the United States is an element of the offense, yes. I have an intent to ship it there, but if somebody else comes to me first with a better offer, I'll take it. Does that satisfy the nexus requirement? If an element of the offense is the intent to ship it into the United States, then yes. Because an intent to cause harm in the United States is sufficient to establish the nexus. Scalia. And we're talking past each other. I'm taking the element. I'm taking that out as an element of the offense. We're making the offense. We're getting the First Amendment out of it, so you can't duck Judge Fletcher's question. I'm saying we have a crime that's not protected by the First Amendment, which is saying buying heroin with the intent to distribute. My intent is to distribute it anywhere that anybody will buy it. Does that satisfy the nexus requirement? We have to have a pretrial hearing to determine if it satisfies the nexus requirement. And what would be required under those circumstances? What evidence would be required would be sufficient contacts with the United States. It can be shown in a variety of ways, one of which is an intent to distribute in the United States. We could also show that you had contacts with a co-conspirator in the United States, that the conspiracy was arranged in the United States, that you – that there was overt acts in forbearance of the conspiracy that occurred in the United States. All of these things could be shown. However, in this case, we didn't have to show any of them because it was an element of the offense. And, in fact, this Court shouldn't even be hearing this appeal because it was an element of the offense. And this guilty plea bars the appeal. Robertson, I know you want to get to that. But so what I hear you saying, though, is that even if the defendant in this case hadn't had any contact with anyone in the United States, had merely conspired with another nongovernment agent in Afghanistan, both of them very much intending to ship the drugs to the United States, you think that that would be sufficient, I gather. Yes, Your Honor. And this Court has held that that is sufficient. In the next one, even if, for example, the drugs they intended to ship to the United States turned out to be powdered sugar? Your Honor, that – that is a – under a conspiracy statute, if the intent was to ship the drug to the United States and it turned out not to be actual real drugs, then yes, I do believe that we could still – we could prosecute the agreement, Your Honor. So – so we've got a conspiracy entirely within Afghanistan to ship powdered sugar to the United States, and thinking that it's heroin, and that's a crime under United States law. And it can't – and there's sufficient nexus to the United States to prosecute it. Your Honor. That's a very extreme position. Assume it's a crime under United States law, so you don't have to deal with it. Okay. I'm not saying it's here, but you're saying that that satisfies the nexus requirement? Well, I believe that part of your question, Your Honor, was that there was a sufficient nexus. I mean, there would have to be – I'm asking you if there is a sufficient nexus if we got two people in Afghanistan conspiring to ship what turns out to be powdered sugar, but they thought it was heroin. Your Honor, they have to have some contact with the United States or some intent to do harm in the United States. So if they are – But you need something more. You need more than their intent to satisfy the nexus requirement. You need some contact with the United States. No, Your Honor. In fact, this Court has repeatedly said that nexus – that nexus may be shown simply by a conspiracy intending to import drugs in the United States. That intent to import drugs into the United States is enough. Right. But each of those cases wasn't there, as there is in your case, to be fair, some contact with the United States. What we're struggling with here is a conspiracy – a bunch of bad guys, so let's make it easy – a bunch of bad guys get together in Afghanistan and they make incredibly detailed plans to ship something into the United States, but they never contact anybody here. And the plans don't come to fruition because they're caught before they do. Is there then a sufficient nexus with the United States? Yes, Your Honor. However, that is so far from the facts of this case. Well, but see, it seems to me that if you have to show – put it differently. That would be enough to satisfy the statute, statutory requirement for a conviction, would it not? Yes, Your Honor. Okay. And you're saying it would also satisfy the nexus requirement even absent all the extra stuff we have in this case? Correct, Your Honor. However, I would point out there's a lot of extra stuff that we have in this case. Right. But his point is – his point is the extra stuff is more than what the statute requires, and therefore you have to have a separate hearing about it. And so I think you – my question is, if you need the extra stuff, don't you need a hearing? No, Your Honor, because first, we don't need the extra stuff. So your answer to my first question is yes. It doesn't matter that they never talked to anybody in the United States. Correct, Your Honor. But I would also point out that the district court did look at other things and made a preliminary finding, although he was not required to, but he did make a preliminary finding that there was sufficient evidence of nexus for it to go to trial. You didn't have an evidentiary hearing. He made a preliminary finding that the indictment sufficiently specified stuff. He didn't have anybody come in front. You didn't make a presentation to him of evidence, did you? Yes. There was substantial evidence that was presented to him, numerous exhibits, including recordings, translations of recordings, and the defendant's post-arrest confession in which he admitted that he knew and intended that the drugs weren't were coming to the United States. So the district court considered all of that and found, looking at that evidence, it was clear that the defendant knew the drugs were coming to the United States. And, in fact, and the defense doesn't contest any of that. The defense doesn't say it wasn't him on the recordings. The defense doesn't contest the translations of the recordings. The only thing the defense contests is the legal conclusion that the district court drew that it was a sufficient nexus, and you do not need to have an evidentiary hearing under those circumstances. Okay. So now your argument is that the judge did have a pretrial hearing, did find the sufficient nexus, and that the other side isn't entitled to put on its own evidence. Correct, Your Honor. Because you're only entitled to an evidentiary hearing where there is a significant factual dispute. Their dispute isn't with the facts. Their dispute is with the legal conclusion. Regardless, the district court was also correct that because it is an element of the statute, it was a question for the jury to decide, not a question for the court to decide. And so the court appropriately deferred until – deferred its ruling and made a ruling without prejudice, saying that the defense certainly could raise it again, but that this really was a question for the jury to decide. I see that I am out of time. However, I would urge the Court, you don't even need to get here because it is an element of the offense. The defense cannot raise this claim without contradicting the factual statements he made in his guilty plea and under class. And under this Court's ruling in Garcia Valenzuela, that means that this Court, that he is barred from raising this claim on appeal, and this Court should dismiss this appeal. Thank you.  Would you put a minute on the clock, please? Your Honor, this Court has made it unequivocally clear that nexus is not a requirement. In Clemenvisius Valoria, 144F3rd at page 1257, this Court said, nexus is part of the jurisdictional inquiry, but it is an inquiry for the court, not the jury. It is not an element of the crime. Well, no, it didn't say. To be fair, that case did not involve a case in which one of the elements of the crime was intent to import something into the United States, correct? That was a case that was a case in which we had something like burglary or robbery, and the question was, why does that have anything to do with the United States? And therefore, you needed a preliminary determination of jurisdiction. Here, the crime itself is linked in some way to the United States. Well, I don't agree with that, actually, Your Honor. And in Clemenvisius, that's an MDLEA case. Right. MDLEA cases require some lots of very confusing maritime law. My time is up, but if I could just answer the question. Thank you. It involves maritime law, and to make a long story short, it does require a, by statute, a finding about the statelessness of the vessel. The important point about Clemenvisius, Your Honor, is in that case, there was a likely effect because there was 24,000 pounds of cocaine that were on a boat sailing to the United States. The government referenced Peterson as another case finding nexus. That case involved 12 tons of marijuana on a ship that left Thailand to go to the United States, and the ship was seized by the U.S. Government in Alaska. Those are all cases that show a likely effect. On the plea issue, Your Honor, because, in our view, the nexus requirement requires more than just intent, the plea doesn't preclude the appeal. Because the plea, we don't contest intent, but if you have to find something more, which we believe the Court does, then it falls precisely within the types of claims that this Court has said a plea does not bar because it speaks both to the ability of a trial to take place, and as the Supreme Court said in class, Mr. Amati is not denying the conduct which he admitted to. He's not denying intent. He's just contesting the likely effect issue. Thank you, Your Honor. Thank you very much. Thank you, both sides. Another interesting case. United States v. Amati submitted.
judges: W. Fletcher, Watford, Hurwitz